JOHN L. HINTON et al. v. D. D. FERREBEE et al.

*New Contract—Principal and Surety—Discharge—Married Women—Equity.*

1. A bond and mortgage was executed by a husband and his wife as his surety, and afterwards a renewal thereof; and, to keep the debt alive, another bond and mortgage was executed by the same parties: *Held,* that such new bond and mortgage was not a discharge of the old mortgage, and the wife is bound thereby, even though the new mortgage is invalid as such for want of privy examination.

2. The rule that a new contract giving time to the principal releases the surety is of no avail to discharge a surety who seeks to hold to the benefits of the old contract.

This was a CIVIL ACTION, tried at Fall Term, 1890, of CAMDEN Superior Court, before *Connor, J.*

The action was brought by Hinton, assignee of Williams, on a promissory note secured by mortgage, dated 28th January, 1875, and executed by defendants Ferrebee and his wife as his surety, and on a promissory note, executed by the same parties as a renewal of the original note and for the purpose of keeping the debt alive.

The other facts sufficiently appear in the opinion.

*Mr. E. F. Aydlett,* for plaintiffs.
*Mr. T. C. Fuller,* for defendants.

SHEPHERD, J.: Under the direction of the Court, the jury found that the indebtedness secured by the mortgage of 1875 had not been paid; that it was not barred by the statute of limitations; that the matters in controversy had not been previously adjudicated. His Honor, however, was of opinion that, taking all of the plaintiffs' testimony to be true, the mortgage was discharged.

The ruling is based upon the principle, that if the creditor enters into a binding contract to give time for payment to the principal, and this is done without the consent of the surety, the latter is discharged. Adams' Eq., 107. This is undoubtedly true, as a general legal proposition, but we think that it is inapplicable to the facts of this case. Standing alone, the acceptance of the debt of 1885 from the husband for the original indebtedness, "compounding the interest accrued" and extending the time, would have unquestionably discharged the surety wife. But the testimony (which we must accept as true) discloses quite a different state of circumstances. It plainly appears that the bond and mortgage of 1885 were given in renewal of those of 1875 in pursuance of an *entire* agreement—that is to say, that not only a new bond was to be given, but also a new and valid mortgage. The bond was accordingly executed by the husband and wife, but she was never legally privily examined as to the execution of the mortgage, and the latter is, therefore, of no effect. The defendants, the devisees of Mrs. Ferrebee, now repudiate the entire transaction on the ground of coverture, and at the same time endeavor to assert a technical discharge growing entirely out of the same. The discharge of bonds under the principle invoked, was originally administered in equity alone, and surely no Court of Equity would, under the circumstances of this case, decree a release of the surety. It is true that the bond executed by the husband and wife, being a mere executory contract, could be avoided by the wife upon the plea of coverture, and would be of no effect as to her as a legal obligation (*Farthing* v. *Shields*, 106 N. C., 289), but we cannot hold that its acceptance by the plaintiff, upon the very material inducement that she was to concurrently execute a valid mortgage to secure it (which, as we have seen, was never done), was such an alteration of the original contract, "*without her consent*," as to discharge her from the obligation. We place our decision not upon

the ground of any legal efficacy to be attached to the acts of the wife, but upon the principle declared in *Burns* v. *McGregor*, 90 N. C., 222; *Walker* v. *Brooks*, 99 N. C., 207, and *Hodge* v. *Powell*, 96 N. C., 64. If, as held in these cases, a married woman cannot retain the fruits of a contract which she repudiates on the ground of coverture, it must follow that she cannot, under such circumstances, assert a technical right to the discharge of an antecedent obligation.

We are of the opinion that the mortgage of 1875 has not been discharged, and that the plaintiff is entitled to a decree of foreclosure. The indebtedness is to be computed according to the terms of the original mortgage.

Reversed.