MARY A. WALKER v. JOHN W. LONG.

*Constitution—Tenant by Curtesy—Husband and Wife—Deed— Parties.*

1. The common law estate of the husband as tenant by the curtesy *initiate* in the lands of his wife was abolished by Section 6, Art. 10, of the Constitution, and now, by virtue of that provision and the statutes passed in pursuance thereof, while the husband has an *interest,* the right to enter upon and occupy the land with the wife, he has no *estate* therein until her death.

2. The husband cannot maintain an action in his name alone to recover lands of which he is tenant by the curtesy *initiate,* but the wife can maintain such action, either by joining her husband or suing alone.

3. A conveyance of land from husband to wife will pass the legal estate of the vendor and enable the vendee to sustain an action to declare title and recover possession.

CIVIL ACTION, tried at August Term, 1891, of IREDELL
Superior Court, *Armfield, J.,* presiding.

The facts are stated in the opinion.

*Messrs. Robbins & Long* (by brief), for plaintiff.
*Mr. D. M. Furches* (by brief), for defendant.

MERRIMON, C. J.: The plaintiff sues alone. It appears that
she is a married woman, having living children of her mar-
riage with her present husband capable of inheriting her real
property. She alleges that she is the owner in *fee* and enti-
tled to have possession of the land specified in the complaint.
On the trial she put in evidence of her title to the land, a
deed purporting to convey the same to her in *fee,* executed
to her on the 7th day of June, 1883, pending the marriage
by her present husband.

The defendant appellee contends, first, that she cannot
maintain this action, because her husband is tenant of the
land by the curtesy *initiate,* and he alone can sue to recover
possession of the same, and certainly she cannot, without
suing as party with her husband.

It may be conceded that the tenant, by the curtesy *initiate,*
could have sued alone for and recovered possession of the
lands and the rents and profits, in this State, before the
adoption of the present Constitution. *Houston* v. *Brown,* 7
Jones, 161; *Wilson* v. *Arentz,* 70 N. C., 670; *State* v. *Mills,* 91
N. C., 593; *Morris* v. *Morris,* 94 N. C., 613.

But that Constitution (Art. 10, § 6,) has wrought very
material and far reaching changes as to the rights respec-
tively of husband and wife in respect to her property, both
real and personal, and enlarged her personality and her
power in respect to and control over her property. It pro-
vides that, " the real and personal property of any female in
this State, acquired before marriage, and all property, real
and personal, to which she may, after marriage, become in

any manner entitled, shall be and remain the sole and sepa-
rate estate and property of such female, and shall not be
liable for any debts, obligations or engagements of her hus-
band, and may be devised and bequeathed, and with the
written assent of her husband, conveyed by her as if she
were unmarried." This provision is very broad, compre-
hensive and thorough in its terms, meaning and purpose,
and plainly gives and secures to the wife the complete own-
ership and control of her property, as if she were unmarried,
except in the single respect of conveying it. She must convey
the same with the *assent* of the husband. It clearly excludes
the ownership of the husband as such, and sweeps away the
common law right, or estate he might at one time have had
as tenant by the curtesy *initiate.* The strong, exclusive lan-
guage of the clause recited above is, that the property "shall
*be and remain* the sole and separate estate and property of
such female, the wife," and to make the provision more
thoroughly exclusive, it further provides that such property
" shall not be liable for any debts, obligations or engage-
ments of her husband." Pertinent legislation, since the
Constitution became operative, is in harmony with the sec-
tion above recited. The statute (*The Code,* §§ 1837, 1838)
provides that "the savings from the income of the separate
estate of the wife are her separate property;" and the hus-
band shall be, not tenant by the curtesy *initiate,* but tenant
by the curtesy *after the death* of the wife, in case she die intes-
tate. The husband, as husband, has no estate in his wife's
land during her life-time. But he has an *interest* as tenant
by the curtesy *initiate. Thompson* v. *Wiggins,* decided at this
term. He has, by reason of his relation to her as husband,
and his right to have the benefit of her society, the right to
go upon her land and occupy the same freely with her as
her husband. And hence, by going to her house and upon
her premises for all lawful purposes, he is not a trespasser,
he so goes and remains of right, but he has no estate in the

property.  This Court has so, in substance and effect, repeat-
edly decided.  *Manning* v. *Manning*, 79 N. C., 293; *Manning*
v. *Manning, Ibid*, 300; *Cecil* v. *Smith*, 81 N. C., 285; *Kirkman*
v. *Bank*, 77 N. C., 394.

The property in controversy, for the present purpose, must
be treated as the plaintiffs'.  The statute (*The Code*, § 178,
par. 1) provides that the wife may sue alone when the
" action concerns her separate property."  As we have seen,
this action does concern the separate property of the plaintiff
wife.  Hence, the appellant's first objection is unfounded.

The plaintiff claims title by virtue of a deed of convey-
ance from her husband, executed on the 7th of June, 1883,
pending her marriage with him.  The appellant further con-
tends that such deed was ineffectual to pass the legal estate
in the land to the plaintiff wife, and, therefore, she cannot
recover at law—that she can only recover her equitable
estate in an action equitable in its nature, and she must
allege specifically the nature of her title, which she has not
done.

We need not stop to enquire whether or not the plaintiff
could recover upon her equitable title, if she has one, because
we are of opinion, treating the deed in question as free from
fraudulent taint, and as sufficient in other respects, it had the
effect to convey the legal title to the land to the plaintiff.
As we have seen, the constitutional provision above recited
has made the wife a person in an important sense, distinct
from her husband as to her own property.  She owns it free
from his interference with or control over it.  She has power
to acquire it.  She can devise and bequeath it—she can sell
and convey it as if she were a *feme sole*, except that she must
convey it with the written assent of her husband.  As to
her separate property, however acquired, she and her hus-
band are, as to property rights and estates, not to be recog-
nized and treated in legal contemplation as one person—as
to that, they are made distinct and several persons—she is
109 — 33

as an unmarried woman—it is so expressly provided. Hence, when the husband conveys property, of whatever nature, to his wife, he does not in any legal sense convey to himself; and when the wife so conveys to her husband, she does not in such sense convey to herself. The conveyance is made in such case by one distinct person to another. The wife is to have the full legal as well as equitable benefit from such conveyance as if she were unmarried. There is, therefore, no reason why the husband may not convey to the wife.

Moreover, the statute (*The Code,* §§ 1835, 1836) expressly provides that husband and wife may contract with each other. This cannot mean that they are one person contracting with himself! They are allowed to contract with each other as distinct persons capable of contracting with each other, and having separate and distinct benefit from such contract. Hence, in proper cases, they may maintain actions against each other. Hence, too, the wife may sue alone as to her own property. This Court has, in many cases, recognized, upheld and enforced such contracts as effectual as well at law as in equity. *George* v. *High,* 85 N. C., 99; *Brown* v. *Mitchell,* 102 N. C., 347; *Battle* v. *Mayo, Ibid.,* 413; *Woodruff* v. *Bowles,* 104 N. C., 197; *Stephenson* v. *Felton.* 106 N. C., 121; *Osborne* v. *Wilkes,* 108 N. C., 651.

There is error. The judgment of nonsuit must be set aside, and the case disposed of according to law.

Error.