D. F. FORT et al. v. W. G. L. ALLEN et al.

*Partition — Frauds, Statute of — Estoppel — Married Women — Deed, Recital in — Election.*

1. A parol partition of lands is a contract relating to lands within the purview of the statute of frauds, and therefore not binding.

2. One who accepts a deed is bound by its terms and conditions.

3. While a married woman will not be estopped by an oral agreement in respect to land, she will not be permitted to take benefit under a conveyance and repudiate the recited terms upon which it was made ; and when she has an opportunity to disclaim the deed and does not do so, she will be deemed to have elected to take under it.

5. Recitals in deeds will operate as estoppels when the facts therein stated are of the essence of the contract, and where it is the intent of the party to place the existence of the facts beyond question.

This was a CIVIL ACTION, heard upon exceptions to referee's report, before *Boykin, J.,* at October Term, 1890, of the Superior Court of WAKE County.

The plaintiffs alleged that they had acquired the entire interest in the lands mentioned in the complaint except one share (being one-sixth), which descended to the *feme* defendant N. D. Allen.

They further allege that this share was allotted and set apart to said defendant (being forty-four acres) by metes and bounds; that said defendant accepted the same as her share in said land and entered into the exclusive possession thereof, and that afterwards the said forty-four acres were conveyed to said defendant in pursuance of said oral agreement that it was to be in satisfaction of her share in the said land. That afterwards the male defendant, W. G. L. Allen, orally agreed to purchase the eighty-three acres described in the complaint, it being a part of the tract remaining after the forty-four acres were allotted to the *feme* defendant; that the purchase-money has not been paid and that the said defendant is in the possession of said land. They offer to execute title to said defendant upon the payment of the purchase-money, and pray for specific performance, or, upon failure of said defendant to pay the purchase-money, that the land be sold. They pray for other and further relief, etc.

The defendants deny that the *feme* defendant agreed to take the forty-four acres of land as her part of the land, and they deny that the plaintiffs are the owners of the said eighty-three acres; they also claim that the *feme* defendant is the owner of five acres of the said eighty-three acres, and that before the commencement of this action they surrendered the possession of all of the said eighty-three acres except the five acres claimed by the *feme* defendant. They deny that there was any contract to purchase said land. They allege that all of the matters in controversy have been settled by arbitration and award. There was a reference under *The Code,*

by consent of the parties, to R. H. Battle, Esq., whose report of the facts sufficiently sets forth the points presented for review.   There were several exceptions to the findings of fact as to want of evidence to sustain certain findings and the like, but as the evidence was not properly presented to the Court, these exceptions were not considered and the cause was heard in this Court only upon the findings of fact by the referee, and the exceptions to his conclusions of law, all of which findings were confirmed by his Honor.

The findings of fact are as follows:

1. That under the will of David Fort, Sr., who died in 1863, Nancy Fort became seized of a life-estate in a tract of of land in Wake County, containing 273⅔ acres, and including the land in controversy in this action, and a remainder in fee was vested in his six children—D. F. Fort, one of the plaintiffs; Nancy D. Allen, a defendant, and Lucy V. Fort, Geneva Fort, Sally Fort and Mary A. Davis.

2. That on November 21st, 1877, the said Mary A. Davis and her husband J. B. Davis, conveyed by deed duly executed, etc., her one-sixth interest in remainder in said land to D. F. Fort, making his interest in said remainder *one-third.*

3. That by deed dated November 22, 1880, which was acknowledged before the Clerk and filed for registration December 10, 1885, D. F. Fort conveyed his interest in said land to his wife, Roberta Fort.

4. That said Roberta Fort died intestate February 3, 1886, and her interest in said land—one-third, subject to the life-estate of Nancy Fort—descended to her infant children, the plaintiffs, other than D. F. Fort, as her heirs at law.

5. That on February 4, 1889, Nancy Fort, the life-tenant, and Lucy B. Fort, Geneva Fort and Sallie Fort conveyed their respective interests, by deed duly registered, to the plaintiffs, Moses, Hoy, David, Troy, John and Roberta Fort.

6. That in the year 1874 or 1875 the defendants took exclusive possession of forty-four acres from the west side of

the David Fort land (the 273⅜ acres), by consent of Nancy Fort, and with an oral understanding with her and the other owners of the remainder that they would take that part as the share of the *feme* defendant in the tract, and they were not accountable to said Nancy Fort for rent during her lifetime.

7. That by deed dated November 15th, 1888, and registered, the said Nancy Fort, Lucy V. Fort, Geneva Fort and Sallie Fort conveyed their respective interests in said forty-four acres to the defendants, the same being stated in said deed to be that portion of the David Fort land allotted to N. D. Allen.

8. That said forty-four acres, without accountability for rent to the life-tenant, was fully equal in value to one-sixth of the remainder interest in the whole tract.

9. That about the 29th day of June, 1884, the defendant W. G. L. Allen agreed to purchase from D. F. Fort and wife eighty-three acres from the east side of said David Fort land, at the price of $8 per acre, and soon thereafter went into possession thereof, and erected houses and made other improvements thereon, and also cut valuable timber therefrom. Said agreement was by parol, and never reduced to writing.

10. That the said D. F. Fort and wife never tendered a sufficient deed to said W. G. L. Allen for the said eighty-three acres of land.

11. That defendant W. G. L. Allen has not paid, nor offered to pay, anything for said eighty-three acres, or any part thereof, nor has he paid any rent for said land.

12. That in October or November, 1888, the plaintiff D. F. Fort and defendant W. G. L. Allen agreed by parol to leave their differences about said eighty-three acres of land to arbitrators, who made an award to the effect that seventy-eight acres of the land was, by consent, D. F. Fort's; that the other five acres belonged to Mrs. Nancy Fort, and that the improve-

ments on said land were put there by W. G. L. Allen, and the buildings belonged to him.

13. That the rental value of said eighty-three acres of land, from the time the defendants went into possession to the last of 1888, when defendant W. G. L. Allen agreed to surrender seventy-eight acres, and the damages to the land by cutting timber, etc, are equal in value to or greater than the sum whereby said land is enhanced in value by said improvements.

14. That the plaintiffs, other than D. F. Fort, are infants under twenty-one years of age, without regular guardian, and D. F. Fort is their father and next friend.

15. That the rental value of the five acres claimed by the defendants for the year 1889 was twenty dollars.

CONCLUSIONS OF LAW.

1. That the plaintiff D. F. Fort has no interest in the land in controversy, and is entitled to recover nothing in this action.

2. That the arbitration and award of October or November, 1888, was without legal effect as to the parties actually interested in the eighty-three acres of land in controversy.

3. That the defendants are in equity estopped from claiming any interest in the David Fort land, other than the forty-four acres of which they took possession and which was conveyed to them, as set forth in findings of fact six and seven.

4. That by this action the plaintiffs have renounced any interest in said forty-four acres.

5. That the plaintiffs, other than D. F. Fort, are the owners and entitled to the possession of the land in controversy, and every part thereof.

6. That said infant plaintiffs are entitled to twenty dollars for rent for the year 1889.

7. That the said infant plaintiffs are entitled to judgment for the possession of the land in controversy, for twenty dollars damages, and for costs.

### EXCEPTIONS.

1. For that the referee finds in paragraph one that D. F. Fort has no interest in the land in controversy, without specifying what land in controversy.

2. For that he finds in paragraph two that the said arbitration and award mentioned therein was without legal effect as to the parties actually interested in the eighty-three acres of land, when he finds as a fact in paragraph three of " facts found " that said D. F. Fort conveyed by deed his interest in said eighty-three acres to his wife Roberta Fort and children, without also finding that the same was necessary for their support and maintenance.

3. And for that he finds in paragraph three that the defendants are estopped in equity from claiming any interest, etc., when he also finds in paragraph six of " facts found " that the defendants took possession of said forty-four acres under an oral agreement that they would take the same as the share of the *feme* defendant, etc., as appears in said paragraph six, whereas a verbal agreement made by anyone, and especially by a *feme covert*, about land is binding neither in law nor equity, as this agreement is found to have been made.

4. For that the referee finds in paragraph five that the plaintiffs other than D. F. Fort are the owners and entitled to the possession of the land in controversy; whereas, as a matter of law, they are entitled to the possession of the five acres in controversy, if at all, only for the life-time of the said Nancy Fort, the widow of the late David Fort, and only so upon the payment by them of the value of the improvements erected since the possession by the defendants.

5. And for that he finds in paragraph six that said infant plaintiffs are entitled to $20 rent for the year 1889; whereas, as a matter of law, they are entitled to recover nothing until they pay for the increased value of the land (the five acres) by reason of the improvements.

The Court overruled all of the exceptions and adjudged that the plaintiffs had no interest in the forty-four acres allowed to the *feme* defendant; that the plaintiffs are the owners of and entitled to the possession of the said eighty-three acres; that they receive the same, and $20 rent and damages, and that a writ of possession issue, etc.

The defendants appealed.

*Messrs. J. N. Holding* and *W. H. Pace*, for plaintiff.
*Mr. S. G. Ryan*, for defendants.

SHEPHERD, J.: We are unable to perceive any merit in the first two exceptions. It has been decided that a husband may convey directly to his wife (*Walker* v. *Long*, 109 N. C., 510), and it is clearly unnecessary to the validity of the conveyance that it should be made in consideration of her support and maintenance. This being so, it must follow that D. F. Fort, having conveyed his interest in the land in controversy, had no authority to bind his grantee by a submission to arbitration, and even had he possessed such authority, an oral agreement to arbitrate could not be enforced as to real property.

The third exception presents the main point to be determined, and this is whether the share of N. D. Allen, the *feme* defendant, as tenant in common in the said land, has been allotted to her. If she is estopped from claiming more than the forty-four acres of which she has been in the exclusive possession since 1875, then the plaintiffs, having acquired the interests of the other tenants in common and the life-estate of the widow, are the owners of the remaining part of the land, and as the eighty-three acres—the subject of this action—is a part thereof, it must also follow that they are the owners of the same. There was no partition by judicial proceedings, but it is found by the referee that, in 1874 or 1875, the said defendant and her husband took exclusive posses-

sion of the said forty-four acres under an oral agreement that it should be the full share of the *feme* defendant.

It is also found by the referee that the "said forty-three acres, without accountability for rent to the life-tenant, Nancy, was fully equal in value to one-sixth of the remainder interest in the whole tract."

It is well settled that a parol partition of lands is a contract within the purview of the statute of frauds and is not binding. *Medlin* v. *Steele*, 75 N. C., 154. If, then, nothing further appeared than the oral agreement, and the possession under the same, it would be clear that the *feme* defendant would not be estopped, and that she could still assert her claim as tenant in common with the plaintiffs.

It is found, however, that afterwards, in 1888, the said defendant accepted a deed for the forty-four acres from all of the parties in interest, except the plaintiffs, who are infants; and it is further found that the deed declared that the said forty-four acres was "that portion of the David Fort land allotted to N. D. Allen," the *feme* defendant. The use of the word "allotted in itself implies a full partition of the land. To allot means "to set apart a thing to a person as his share, as to allot a fund or land." Anderson Law Dict., 51.

So apart from the express agreement found by the referee and the fact that the land is fully equal to her share, we have the *feme* defendant occupying the land under a deed which, in effect, declares that the land conveyed therein is her share of the whole tract. The plaintiffs by this suit affirm the said conveyance and the said defendant, being still in the exclusive possession of the forty-three acres, intends, for aught that appears, to hold the same under the above-mentioned deed, and at the same time insist that she is entitled to five specific additional acres out of the remaining part. If she could claim against the implied terms of the deed, we are unable to understand how she would be

entitled to any specific part of the land, as she would then be a tenant in common in the entire tract. As we have seen, the oral agreement would not work an estoppel and especially as against a *feme covert*, but a *feme covert* has no more right than any other person to claim the exclusive possession of land under a conveyance, and at the same time repudiate the recited terms upon which it is made. It is well established that a grantee who accepts a deed poll is bound by its terms or qualifications. *Maynard* v. *Moore*, 76 N. C., 158; *Long* v. *Swindell*, 77 N. C., 176. The principle is well stated in *Hutchinson* v. *Railroad Co.*, 37 Wis., 602, in which it is said that "it would be strange if the defendant could accept the grant freed from the provisions qualifying the grant; take the entire estate without the limitations of the estate; claim under the contract without being bound by its terms."

Now, it is true that it is not every recital that binds; but without entering into a discussion of the doctrine of recitals, abounding as it does in many refinements and nice distinctions, it is sufficient to say, for our present purpose, that where it is the intent of the parties to place the existence of a fact beyond question or to make it the basis of the contract, the recital will be effectual, and neither party will be permitted to deny it. 2 Herman on Estoppel, § 636. This view is sustained by HENDERSON, C. J. (*Brinegar* v. *Chaffin*, 3 Dev., 108), who says that "recitals in a deed are estoppels when they are the essence of the contract; that is, where unless the facts recited exist, the contract, it is presumed, would not have been made." It is manifest that when the deed to the *feme* defendant was executed, the parties intended that it should be an allotment to the grantee of her share in the lands of D. F. Fort, their ancestor. It was the basis of the contract, and without such an undertaking it is fair to assume that the conveyance would not have been made. Such, we think, is the necessary inference to be drawn from

the recital in the said deed. If this be true, it would form a material part of the contract, and while the grantee, being a *feme covert*, would not be bound by the deed and could repudiate the entire transaction, yet it would offend every principle of equity and good morals to permit her to enjoy its benefits, and at the same time deny its terms or qualifications.

The effect of the partition of co-tenants by deed is to work an estoppel as to the extent of the lands thus set apart and allotted in severalty (*Harrison v. Ray*, 108 N. C., 215), and it must be attended with the same result in the present case. It was the right and privilege of the *feme* defendant to relieve herself of the estoppel by disclaiming to hold the land in severalty under the said conveyance and offering to throw the same into the "hotchpot" in order that there might be another partition. She had ample opportunity to do so in this action, but no such disposition is manifested on her part, and we are therefore of the opinion that as she has elected to hold under the deed, she must be bound by the estoppel growing out of its recitals.

We place our decision upon the principle of the cases of *Burns* v. *McGregor*, 90 N. C., 222; *Walker* v. *Brooks*, 99 N. C., 207; *Hinton* v. *Ferebee*, 107 N. C., 154, and other similar decisions. See Womack's Digest, 1296. The cases of *Towles* v. *Fisher*, 77 N. C., 437; *Weir* v. *Page*, 109 N. C., 220, and *Farthing* v. *Shields*, 106 N. C., 289, cited by counsel, are, under the views we have taken, inapplicable to the facts before us.

We regret that, by reason of the neglect of the defendants to present the testimony in a proper manner, the Court is precluded from passing upon the exceptions addressed to the findings of fact. We have therefore been confined to the report of the referee, and upon his findings we must conclude that the *feme* defendant is estopped from claiming any other part of the land than that which she holds under the conveyance above mentioned. It must therefore follow

that the plaintiffs are the owners of the remaining land of which the eighty-three acres, the subject of this action, is a part. This is also true as to the five acres claimed by the defendants, it being included in the said eighty-three acres.

As to the improvements, the referee finds that the rental value of the land and the damage by the cutting of timber, etc., during the possession of the defendants, are equal or exceed in amount "the sum whereby said land is enhanced in value by said improvements." Upon this finding it is clear that his refusal to allow anything for the improvements should be sustained.

Upon a careful consideration of the case, as presented for review, we are of the opinion that the exceptions of the defendants must be overruled, and the judgment should be

Affirmed.