## W. G. SYDNOR v. McDOWELL BOYD.

*Action on Note—Executory Contract—Conditional Contract—Failure of Performance by One Party to Contract Releases the Other—Married Woman—Body or Capital of Married Woman's Estate—Transfer to Husband, Invalid When.*

1. Where the promises of the parties to an executory contract are not independent but conditional and dependent the one upon the other, failure of performance in whole or part by one party thereto discharges the other.

2. An insurance policy on the life of her husband, payable to a married woman, being a vested interest, is embraced in the word "body" as used in Section 1835 of *The Code*, which requires all contracts between husband and wife affecting "the body or capital" of the latter's estate to be in writing and accompanied by the privy examination of the wife.

119—31

3. Defendant applied for two policies of insurance, one on his own life, payable to his wife, and the other on the life of his wife, payable to himself, and agreed to execute to the plaintiff(the agent) his note for the premiums on both.  Upon delivery of the policies both were found to be payable to his wife, and he refused to accept them.  Thereafter the agent took back the policies, and soon returned them with what purported to be a written assignment to defendant by his wife of the policy on her own life, unaccompanied by certificate of her privy examination.    Upon    assurances    of    plaintiff that the assignment was as effectual as if the policy had been originally made payable to him, defendant executed his note for the two premiums, but soon thereafter received a letter from the insurance company acknowledging receipt of the duplicate assignment but notifying him that the company assumed no responsibility as to the validity of the assignment.  Thereupon defendant stated that he did not want the policies and denied his liability on the note; *Held*, in an action on the note by the payee, that the assignment of the policy being invalid, there was a failure on the part of plaintiff to perform his contract which released the defendant from his liability on the note.

CIVIL ACTION, tried at Spring Term, 1896, of SURRY Superior Court, before *Norwood, J.*  Application had been made for two policies of insurance, one on the life of McDowell Boyd for $1,000, for the benefit of his wife Anna Louisa Boyd, and the other for a like amount on the life of the wife for the benefit of the husband.  After a great deal of solicitation the defendant, McDowell Boyd, agreed to deliver to the plaintiff, Sydnor, agent of the Mutual Life Insurance Company of New York, a box of tobacco, and to execute his promissory note, dated June 5, 1895, and due at a subsequent date in the same year, for $127, as the premium for both policies.  When the policies were returned it appeared that Anna Louisa Boyd had been made the beneficiary in both, and her husband refused to receive them because of the failure to comply with the contract.  The agent, Sydnor, thereafter took back both pol-

icies, but soon returned them with what purported to be an assignment by the wife to the husband of the policy on her own life, which transfer is as follows: " For one dollar to me in hand paid, and for other valuable considerations, (the receipt of which is hereby acknowledged,) I hereby assign, transfer and set over to McDowell Boyd, of Pinnacle, N. C., all my right, title and interest in this policy (596,751) issued by the Mutual Life Insurance Company of New York; and for the consideration above expressed I do also for myself, my executors and administrators guarantee the validity and sufficiency of the foregoing assignment to the above-named assignee, his executors, administrators and assigns, and their title to the said policy will forever warrant and defend.

"ANNA LOUISA BOYD.

" Dated at Pinnacle, N. C., this 1st day of July, 1895. In presence of W. G. Sydnor."

Upon the assurance that the assignment placed the policy upon the same footing with the company, as if it had been originally made payable to him, the defendant executed the note for $127, on which the plaintiff has brought this action. Soon after executing the note, instead of the assent to the assignment expected the defendant received the following from the company:

" DEAR SIR : A duplicate of assignment of Policy 596,-751 to yourself has been received and filed. The company assumes no responsibility as to its validity.

" Respectfully,

" C. F. BRESEE & SONS, Genl. Agts.,
                              " Per Wooten."

On receipt of this the defendant tendered the policies to the plaintiff and demanded his note, telling him that the

policies were worthless to him unless written in accordance with the applications.

The policies of insurance were introduced as evidence, both of which contained the following conditions on the back thereof:

" Notice to the holder of this policy.—No person, except an executive officer of the company or its secretary at its head office in New York, has power on behalf of the company to make, modify or alter this contract, to extend the time for paying a premium, to bind the company by making any promise or by accepting any representation or information not contained in the application for this contract.   Any interlineations, additions or erasures must be attested by the signature of one of the above-named officers.

" Assignments.—The company declines to notice any assignment of this policy until the original assignment or a duplicate or a certified copy thereof shall be filed in the company's home office.   The company will not assume any responsibility for the validity of an assignment."

The following issues were without objection submitted to the jury :

" 1st. Did the plaintiff as agent of the insurance company contract to deliver to defendant two policies of insurance as alleged by him and receive the note sued on in consideration thereof ?   Answer, ' Yes.'

" 2d. Did plaintiff violate said contract ?   Answer, ' No.' "

After the argument it was admitted by counsel for both parties that if the assignment was valid, so that policy could be collected by defendant in case of his wife's death, the second issue should be answered " No "; otherwise it should be answered " Yes."   There was a verdict by the

jury on first issue on behalf of defendant; his Honor answered the second issue " No " on the evidence.

The defendant moved for a new trial on the ground that the court erred in instructing the jury to answer the second issue " No," and appealed from the judgment rendered.

*Messrs. Carter & Lewellyn*, for plaintiff.
*Messrs. Glenn & Manly*, for defendant (appellant).

AVERY, J. (after stating the facts): At common law the husband and wife, being deemed one person, were incapable of contracting with each other, and it was necessary to convey to a third person, as a conduit, in order to pass the title to property from one to the other. The rule was different in equity, where assignments or conveyances were held to raise a trust in favor of the assignee or grantee. Now, however, the wife is allowed to acquire title to property conveyed to her by the husband or any other person, the conveyances be ng liable, like other deeds or instruments that pass title, to impeachment for fraud upon sufficient grounds. *Walker* v. *Long*, 109 N. C., 510; *Osborne* v. *Wilkes*, 108 N. C., 651; *Woodruff* v. *Bowles*, 104 N. C., 197; *Battle* v. *Mayo* 102 N. C., 347; *Brown* v. *Mitchell*, 102 N. C., 347; *George* v. *High*, 85 N. C., 99. The statute (*Code*, Sec. 1836) declares all contracts between husband and wife, subject to restrictions contained in the preceding section, (1835,) valid, unless contrary to public policy. The last named section provides that no contract between them made during coverture shall be valid to affect or change any part of the real estate of the wife or the accruing income thereof for a longer time than three years next ensuing the making of such contract, or to impair or change the *body* or capital of the personal estate of the

wife or accruing income thereof for a longer time than three years next ensuing the making of such contract, unless such contract shall be in writing, as required for conveyances of land, &c." The section further provides that, in order to render such contract valid, the officer taking the private examination of the wife, as prescribed, must certify, among other things, that "it is not unreasonsonable or injurious to her." If a policy of insurance for her benefit constituted a part of the body of her personal estate the endorsement thereon was ineffectual to pass her interest to the husband and make him the beneficiary in her stead, as was at first contemplated. It was held in *Hooker* v. *Sugg*, 102 N. C., 115, that where the husband take out a policy on his life for the benefit of the wife her interest vests in her immediately upon its execution. If the plaintiff attempted to comply with his contract by transmitting the beneficiary interest in the policy indirectly through the wife to the husband by assignment, instead of directly by the terms of policy itself, it was incumbent on him to see that her interest passed. If the word "body" in the statute is not meaningless, it must have been intended to include a vested interest from which no present income is derived, though it has a present value dependent upon facts which need not be enumerated. The body of one's personal estate manifestly does not include the income derived from it, but does include every such vested interest as a policy of insurance.

The wife, certainly with the assent of her husband, is empowered by law to assign her interest as a beneficiary in a life or fire insurance policy to a third person and where both join her interest passes, unless it is a violation of some enforcable stipulation in the contract of insurance to attempt to transfer the interest in that way. Here if, instead of the notice sent out by the company, it had

assented to the validity of the transfer, such assent would have operated as an estoppel on it to deny the right of the husband to recover in case of the wife's death. *Blackburn* v. *Insurance Co.*, 116 N. C., 821. But it would still have remained to determine whether in case of the wife's death the policy, without a further transfer such as was contemplated by the statute, would not belong to the wife's estate instead of to the husband as beneficiary. Pretermitting the question upon which the judge below probably passed, viz., whether there was not a failure of consideration, unless the plaintiff complied with the original agreement by delivering the policies applied for, it is manifest that he failed to attain the same end by the indirect method of assignment. Upon his refusal to remedy the defect either by furnishing a policy in which the husband should be named as beneficiary, or making the transfer effectual in law to pass the beneficiary interest out of the wife, the husband was at liberty to renounce the entire contract. The defendant made application for the policies and agreed that, as a consideration for them, he would execute his promissory note. Upon the failure of the agent of the company to deliver the policies applied for, the defendant refused to execute his note and accept those tendered. Upon the agreement on the part of the plaintiff, which must be interpreted as meaning that the assignment should receive the assent of the company, so as at least to work an estoppel on it to deny its validity, the defendant was induced to execute the note. Where the promises of the parties to an executory contract are not independent but conditional, the one upon the other, the failure of one to perform his agreement in whole or in part operates as a discharge of the other party from promises conditioned upon such performance. Clark on Contracts, p. 651. In order to deprive the defendant of the right to

insist upon a discharge from his promise, the intention to
make the mutual agreements independent and uncondi-
tional must be clear.    Clark, *supra*, p. 653.

The mutual stipulations of the plaintiff as agent and the
defendant company were dependent the one upon the
other, and as between them the failure to furnish a policy
on the life of the wife, of which the husband should be the
beneficiary, operated to relieve him from the payment of a
promissory   note given   as a consideration for  such a
policy.   The two policies were of such a nature that the con-
sideration was not divisible.   It was given to provide for
each in case of surviving the other.   Clark, *supra*, pages
651 to 653 ; 2 Parson's Cont., (8th Ed.,) bottom page 645
and note.   If the defendant had paid the money instead
of giving his note he could, on the failure or refusal to
comply with the mutual and dependent promises, have
recovered back.   1 Wharton, *supra*, Sec. 520.   For a like
reason he could avoid the payment when sued by the payee
on a promissory note given in lieu of the money.   The
defendant made application for two policies.

The insurance company distinctly and unequivocally
refused to recognize the validity of the assignment, and
while it recognized the agency of the plaintiff Sydnor to
take the defendant's note or collect the premium paid as
a consideration for a certain policy, it attempts to repudi-
ate the promises he made as an inducement in procuring
the execution of the note which was given in lieu of the
money and constituted the consideration.   It has been
distinctly held by this Court that, where the insured is
induced to pay money by a representation made by a local
agent of the insurer, the latter will be estopped, after
receiving the money so procured and placing it in its cof-
fers, from denying the authority of the agent to make the

representation which induced its payment. *Bergeron* v. *Ins. Co.*, 111 N. C., 45; *Follette* v. *Ins. Co.*, 110 N. C., 377.

There was error in the instruction that the plaintiff complied with his contract, and a new trial is granted to the defendant.

New Trial.