McLAMB *et al.* v. McPHAIL *et al.*

(Decided March 20, 1900.)

*Verification of Pleadings—Deed to Wife in 1841—Omission of Word "Her Heirs"—Reformation of Deed—Inconsistent Defences—Counterclaim—Omission to Reply— Cloud Upon Title, Act 1893, Chapter 6—Deed to Wife Now, Article X, Section 6, of the Constitution.*

1. A verification of answer in these words: "The foregoing answer of the defendants is true of his own knowledge, except those matters stated on information and belief, and he believes those to be true," is a substantial compliance with The Code, sec. 258.

2. Defendants have a right to plead inconsistent defenses, if separately stated—Clark's Code, sec. 245 (3d Ed.); also, in order to avoid multiplicity of suits, to ask for the correction of the life estate deed, under which they claim, into a fee simple deed, by way of counterclaim, not merely as matter of defense, but to remove a cloud upon the title, under Acts 1893, chap. 6, and the counterclaim required a reply.

3. A deed executed by husband to wife in 1841, even if a fee simple deed, would have been void in law, and sustainable in equity only upon meritorious consideration; it is otherwise, as to such deed executed now, rendered valid by Art. X, sec. 6, of the Constitution.

4. The counterclaim containing no averment of meritorious consideration, although not replied to, would not authorize the correction of the life estate deed of 1841 into a fee simple deed.

CIVIL ACTION in the nature of ejectment, tried before *Timberlake, J.,* at May Term, 1899, of SAMPSON Superior Court.

The plaintiffs claimed as heirs of Felix Fleming, who shortly before his death conveyed by deed a life estate in the land to his wife, Ailey Fleming, in 1841. After his death his widow married Holly Tew, and lived on the land more than thirty years, and then conveyed said land to the various

defendants and those under whom they claim, who are now in possession.

That Ailey Tew, formerly Ailey Fleming, died in 1894, and the plaintiffs became entitled to the possession of said land.

The defendants admit being in possession, but deny the title of plaintiffs; they allege that they are not claiming and holding the land under Ailey Fleming, but under Holly Tew, and under Ailey Tew and her heirs, Hinton and John H. Tew, as the widow and children of said Holly Tew.

They also plead the statute of limitations as a second defense.

And for a third defense and counterclaim, these defendants say: "That the deed of Felix Fleming to Ailey Fleming, his wife, of date September 25, 1841, as set forth in the complaint as valid, and as alleged by plaintiffs to convey an estate for the life of said Ailey, these defendants say that said deed was intended by the parties thereto to convey a fee-simple, and the words of inheritance, to-wit, and "her heirs," were omitted by the mutual mistake and inadvertence of the parties thereto. Wherefore, these defendants pray that said deed be corrected and reformed, so that the same shall convey a fee-simple estate, and that defendants be dismissed hence, and that they recover their costs, and for further relief."

The plaintiffs failed to reply to the counterclaim, and the defendants moved for judgment upon their counterclaim. The plaintiffs moved for leave to file a reply. The Court being of opinion that the ends of justice would not be subserved by granting the motion to file a reply, refused the motion of plaintiffs as a matter of discretion, and granted the motion of defendants, the plaintiffs admitting in open court that they can not maintain this action if the deed from Felix Fleming to Ailey Fleming is corrected to convey a fee-simple estate. The

plaintiffs excepted, and demurred *ore tenus* to the alleged counterclaim. Demurrer overruled, and the Court adjudged that the deed be reformed by the addition of the words *"and her heirs,"* after the name of Ailey Fleming, and that defendants go without day. Plaintiffs excepted and appealed.

*Messrs. F. R. Cooper, Shepherd & Shepherd,* and *Stevens & Beasley,* for appellants.

*Messrs. J. L. Stewart, Allen & Dortch,* and *E. W. & J. D. Kerr,* for appellee.

CLARK, J.   The verification of the answer filed on the 11th day of June, 1898, "The foregoing answer of the defendants is true of his own knowledge, except those matters stated on information and belief, and he believes these to be true," is a substantial compliance with sec. 258 of The Code. *Cole v. Boyd,* 125 N. C., 496; *Payne v. Boyd, Ibid,* 499; *Phifer v. Insurance Company,* 123 N. C., 410.   That section says the verification must be "in effect" as therein prescribed, and the cases cited hold that a verbal and literal following of the formula prescribed is not necessary.

The plaintiffs bring this action for the recovery of real estate as heirs-at-law of Felix Fleming who conveyed it by deed to his wife, Ailey, in 1841, but without using the words "her heirs."   She married, after the death of her said husband, one Holly Tew, and the complaint avers that the defendants are holding under mesne conveyances from Ailey Tew, the grantee of the life estate aforesaid, who died in 1895.   The original action in this cause was instituted in 1895, and, having terminated by a non-suit, this action was begun within one year thereafter.   The answer denies that the defendants hold under Ailey Tew, but avers that they hold under Holly Tew, by conveyances from his widow and children, and plead the statute of limitations.

McLamb *v.* McPhail.

For further defense the defendants allege that the said deed
from Felix Fleming to Ailey Fleming, which the plaintiffs
allege conveyed only a life estate to Ailey, was intended by the
parties thereto to convey a fee-simple, that the words "her
heirs" were omitted by mutual mistake and inadvertence of
the parties thereto, and ask for a correction and reformation
of the deed to convey a fee-simple.

The defendants had a right to plead inconsistent defenses
if separately stated, as was here done. Clark's Code, sec. 245,
(3d Ed.), and cases cited. It was also competent in order to
avoid multiplicity of suits to ask for the correction of the
deed in the answer, for the defendants could not, as under the
former system of pleading, have obtained an injunction
against proceedings at law to recover the realty until the
termination of their own proceedings in equity for the cor-
rection of the deed. The plaintiffs filed no reply to the alle-
gation of grounds for a decree for reformation of the deed, and
his Honor gave judgment by default. The plaintiffs contend
that this was error upon the ground this was not a counter-
claim because the defendants could not have maintained an
independent action therefor, which is the test between a mat-
ter of defense which requires no reply (Code, sec. 268), and a
counterclaim. *Askew v. Koonce,* 118 N. C., 526. Since
chap. 6, of the Acts of 1893, however, the defendants, though
in possession, could have brought such action to remove a
cloud upon the title, and it is therefore a valid counterclaim,
and not a mere matter of defense, as it would have been there-
tofore, but the judgment by default is erroneous for a differ-
ent reason. Now, by virtue of the constitutional provision
(Art. X, sec. 6), it is held that a deed from the husband to
the wife is valid. *Walker v. Long,* 109 N. C., 510, which has
been followed in *Fort v. Allen,* 110 N. C., 183, and *Sydnor
v. Boyd,* 119 N. C., 481, and cases there cited. But under

McLamb *v.* McPhail.

the law governing the property rights of married women, as it existed in 1841, the conveyance, if it had been executed as a fee-simple deed to the wife, would have been void at law, and sustainable in equity only upon meritorious consideration. *Warlick v. White,* 86 N. C., 139. The court of equity would not correct a deed to insert the word "heirs," though omitted by inadvertence of the draftsman or by mutual mistake, unless the deed is supported by a meritorious consideration. *Powell v. Morisey,* 98 N. C., 426, and cases there cited. The answer contains no averment of meritorious consideration, and the marital relation would *per se* be a meritorious consideration only for the wife's maintenance, i. e., for the life estate actually conveyed, and would not, no other consideration appearing, authorize the correction of the deed into a fee-simple. Taking the answer in this respect to be true because undenied by a reply, it did not authorize the judgment rendered by default for correction of the deed.

Error.