This was an action brought by plaintiff against defendant for the recovery of a tract of land and to remove cloud upon plaintiff's title. Defendant pleads sole seizin and says, in part: That she is the owner in fee simple and in the possession of a tract of 90 acres of land lying in Pocket Township, Lee County, North Carolina, on the waters of Governor's Creek, and which is fully described by metes and bounds in the will of Eli A. Craven, deceased, and is therein devised to her; that she is the grand-daughter of testator and the Effa Jane (Craven) therein referred to, and said land is further delineated upon a map attached to the original of said will as "The Effa Tract." She denies that plaintiff is the owner thereof, or has any interest therein, but admits that the plaintiff, James E. Craven, takes the interest devised to him by the said will in the lands described therein in the item making a devise to him, and which are likewise delineated upon said map hereinbefore referred to; and this defendant disclaims title to the lands therein described and devised to James E. Craven, reference being made to the description in said will and said map for the boundaries of said land so devised to James E. Craven, etc.
Defendant further pleads estoppel that both plaintiff and defendant took under the will of Eli A. Craven. "There was devised to the plaintiff James E. Craven, as therein set out, the interest which he holds in two tracts of land fully described in said will, and under the said will the said James E. Craven was also bequeathed and devised certain other *Page 312 
rights and benefits and things of value; that the said two tracts of land are the lands described in plaintiff's complaint, other than the 90 acres of defendant, which she is advised he has attempted to include in said description." That the will of Eli A. Craven was regularly probated in solemn form and plaintiff and defendant were parties to the proceeding. "The said will and every part thereof was established as the last will and testament of Eli A. Craven, deceased, and upon appeal to the Supreme Court of North Carolina the judgment sustaining said will was affirmed." That plaintiff has elected to take possession of the property under the will and is bound thereby and estopped to claim title to the 90 acres devised to defendant and such election is a bar to this action. Certain statutes of limitation are also pleaded; and, further, that plaintiff claims adverse to defendant, which is a cloud on defendant's title, etc.
The following judgment was rendered by the court below: "This cause being regularly reached upon the trial calendar, and being heard upon motion of Effie Craven Caviness for a judgment on the pleadings, as to the 90 acres of land described in the third paragraph of the will of Eli A. Craven, and it appearing that Eli A. Craven in said paragraph devised said 90 acres to said Effie Craven, now Effie Craven Caviness, and by the same will devised and bequeathed things of value to the plaintiff, James E. Craven, who has received and is enjoying the same, said facts appearing from the pleadings, upon motion of Effie Craven Caviness, it is decreed, ordered and adjudged: That the plaintiff, James E. Craven, is not the owner and has no interest in the 90 acres described in the third paragraph of the will of Eli A. Craven; that Effie Craven Caviness is the owner thereof; that the grantees and mortgagees mentioned in the supplemental answer of Effie Craven Caviness, taking and claiming under James E. Craven, have no interest therein, and that the said conveyance and mortgages therein mentioned and set out be canceled of record as clouds on the title of Effie Craven Caviness; that the said James E. Craven and his said grantees be, and they are perpetually restrained and enjoined from trespassing on said 90 acres, and that the plaintiffs James E. Craven and his said grantees as aforesaid claiming under him pay the costs of this action, to be taxed by the clerk."
The question of the validity of a codicil to the will of Eli A. Craven was here upon appeal of caveators. This Court affirmed the judgment of the court below, declaring the will and codicil to be valid. In re Craven,169 N.C. p. 561. *Page 313 
From a careful consideration of the facts as admitted of record, we think that the principle both of election and estoppel apply. This is a conclusion of law. Plaintiff was sui juris.
In Elmore v. Byrd, 180 N.C. p. 120, Walker, J., fully sets forth in an exhaustive opinion concerning the principle of the doctrine of election.
In Cook v. Sink, 190 N.C. at p. 625-6, it is said: "They cannot `blow hot and cold in the same breath.' Any other view would be inequitable and unconscionable. Plaintiff or the other devisees cannot take inconsistent positions. `Upon a principle similar to that applied to persons taking under wills, beneficiaries under a trust are estopped, by claiming under it, to attack any of its provisions. . . . So, also, one who accepts the terms of a deed or other contract must accept the same as a whole; one cannot accept part and reject the rest.' Bigelow on Estoppel, 6 ed., p. 744. Fort v. Allen, 110 N.C. 191; Chard v. Warren, 122 N.C. 86; Freemanv. Ramsey, 189 N.C. 790." The judgment is
Affirmed.