Civil action instituted under the provisions of G.S., 41-11, to sell at private sale land in which it is alleged that there is a vested interest, and a contingent remainder over to persons who are not in being or the contingency has not yet happened which will determine who the remaindermen are, for purpose of re-investment.
Facts pertinent to the question presented on this appeal appear to be uncontroverted, and are these:
I. Miley Perry, late of Wake County, North Carolina, died leaving a last will and testament, dated 24 January, 1925, and probated 31 October, 1929, and recorded in the will record of said County, in which the paragraph numbered "Fourth," reads: "I give and devise to my son, Percy Barrett Perry, the following described tract of land conveyed to me by S. H. Averitt and wife, containing fifty-five acres" — (Description follows) — "This tract of land is to be held and owned by my said son, Percy Barrett Perry, during his natural life, and after his death by his children, if any, and in case of the death of any child to the issue of such child, the child to take per stirpes. And if there are no children or issue of my said son, then said land shall revert and become part of my estate."
II. Percy Barrett Perry and plaintiff were married on 27 September, 1929. Thereafter, on 16 June, 1943, the bonds of matrimony existing between them were dissolved by absolute divorce. Each has since remarried, — she to J. B. Hendley, and he to Lottie Dean.
III. Percy Barrett Perry, as party of the first part, executed to plaintiff, as party of the second part, Linda B. Perry, a deed dated 15 June, 1943, in which these clauses appear: (1) Preamble: "That whereas the said party of the first part was originally seized and possessed of a life estate in the lands hereinafter described under and by virtue of the will of his father Miley Perry, and said will is recorded in Will Book K, page 202, in the office of the Clerk of the Superior Court of Wake County; and whereas said party of the first part is further seized of said lands under a deed conveying the below described property to him and his wife by L. S. Brassfield, Commissioner, same is recorded in Book 606, page 163, in the Register of Deeds office of Wake County, and whereas, said party of first part has agreed to convey the same to the party of the second part"; (2) granting clause: "does bargain, sell and convey to the said party of the second part and her heirs and assigns, all right, title and interest to said party of the second part, including the life estate as set out in the will as mentioned above, and all interest that he acquired under that deed from L. S. Brassfield, Commissioner, as mentioned above, in and to a certain tract or parcel of land"; (Description follows — the same as in "Fourth" paragraph of Miley Perry will); and (3) habendum: "To have and to hold said land and premises . . . *Page 17 
to her, the said party of the second part, and her heirs and assigns, for and during the life of the said party of the second part, and in fee simple absolutely." This deed was acknowledged by Percy B. Perry, probated and filed for registration 16 June, 1943.
Plaintiff alleges in her complaint, among other things, that under the provisions of the will of Miley Perry, Percy Barrett Perry was "vested, seized, and possessed of a life estate in said lands with the remainder over to other persons"; that Percy Barrett Perry "executed a deed to plaintiff intending to convey and thereby did convey to her all of his right, title, interest, and estate in and to the aforesaid lands . . . and in consequence thereof plaintiff became vested with and is now seized and possessed of the life estate in said lands devised to said Percy Barrett Perry under the aforesaid will of his father, Miley Perry, and plaintiff is now the owner of said life estate of Percy Barrett Perry in said lands and as such is in possession of the aforesaid land, and neither said Percy Barrett Perry nor his wife, Lottie Dean Perry, own any interest therein, present or contingent"; that Percy Barrett Percy has three children, Percy Buffaloe Perry, minor, born of his marriage to plaintiff, and William Dean Perry and Bessie Barrett Perry, minors, born of his marriage to Lottie Dean Perry; and that certain other named persons, parties defendant, are children and grandchildren of Miley Perry.
Defendant Percy Barrett Perry, in his answer to the complaint of plaintiff, admits that under the provisions of his father's will, hereinabove quoted, he acquired a life estate in the lands in question. But as to his deed to plaintiff, he avers that he undertook in good faith to convey his life interest therein to his former wife, the plaintiff, but that he is now advised, verily believes and now says that according to the provisions of his father's said will under which he took an estate for his life in said lands, he had no right whatsoever to convey said life estate in said land, — that he is "to hold and own" said land for the period of his natural life without any authority whatever to convey same, and that, hence, the purported deed is invalid and void, and moved the court to so adjudge, and accordingly prays judgment that plaintiff take nothing by this action and that he be adjudged the owner and holder of said land for his life, with the remainder or reversion as provided by said will.
The guardian ad litem and attorney appointed by the court for minor remaindermen in being, and unknown remaindermen in being, and unknown remaindermen, filed answer, admitting each and every allegation of the petition.
The only other answer appearing in the record is that of Alton Owen Perry. This was stricken from the record by order of the trial judge as hereinafter appears. *Page 18 
The case on appeal shows that when the cause came on for hearing in Superior Court, the presiding judge denied motion made in answer of defendant Percy Barrett Perry, as shown hereinabove that "the purported deed of conveyance" from him to plaintiff, "be declared, decreed and adjudged null and void" for the reasons set forth in said answer. This is defendants' Exception No. 1.
And the presiding judge found as facts, (1) "That Alton Owen Perry attempted to file an answer on December 17, 1947, but his time for answering had expired on November 11, 1947, and no order of agreement extending time had been made and no order was applied for or made allowing said answer to be filed." And, thereupon, the judge held that Alton Owen Perry has not answered. It is further found that no answer was filed or attempted to be filed by any of the other defendants except the guardian adlitem and Percy Barrett Perry, and it is held that the time therefor allowed by law has expired; (2) that defendant, Percy Barrett Perry, filed an answer on 30 October, 1947, "in which he admits that the will of his father, Miley Perry, devised to him a life estate in said lands but did not empower him to convey it," and requested the court to declare the deed from him to the plaintiff void and invalid, and also requested the court to pass upon the matter before this cause proceeds further; and . . . also moved the court to appoint him or some other proper person as guardian ad litem
for his minor children named in the complaint.
And, thereupon, the court, after hearing argument of counsel upon the motions of defendant Percy Barrett Perry, concluded as matters of law "that the language of said will is clear and unambiguous and does not support the contention that Percy Barrett Perry did not take a life estate in said land, or taking it that it was not alienable." The court overruled the contention, and denied the motion based thereon, and adjudged (1) that said will of Miley Perry devised to and vested in Percy Barrett Perry a valid and alienable life estate in said land, and (2) "that said deed executed by him to Linda B. Perry (now the plaintiff Linda B. Perry Hendley) . . . is a valid conveyance to her of the entire life estate and any and all other interests of the said Percy Barrett Perry in said land, and (3) that she was at the time of the commencement of this action and now is vested with a good and alienable title to the said life estate and any other interests of Percy Barrett Percy in said land, with limitation of the fee over to other persons upon contingencies which will prevent the ascertainment of the ultimate remaindermen until the death of Percy Barrett Perry, and that the entire interest, vested and contingent, of all persons in said land are subject to sale in this proceeding under the provisions of Section 41-11 of the General Statutes of North Carolina. *Page 19 
The court denied the motion of defendant Percy Barrett Perry for appointment of guardian ad litem of his minor children, upon finding that another, Arthur A. Aronson, had been appointed guardian ad litem and attorney for them and others and he had filed answer, etc.
And, after finding other facts, not necessary to be recited here, the court ordered the property sold "for better investment as provided in G. S., 41-11 . . . at private sale," and that the cause be held open for such further orders as may from time to time be found necessary and proper in the premises.
"All of the defendants, except J. B. Hendley and Arthur A. Aronson, guardian ad litem and attorney, appealed to the Supreme Court."
The exceptions of appellants, grouped as assignments of error, as we read them, present only this basic question: Did defendant, Percy Barrett Perry, acquire under the will of his father, Miley Perry, an alienable life estate in and to the lands sought to be sold in this action?
The trial judge held that he did acquire such life estate, and with the ruling this Court is in agreement.
The contention that the clause reading: "This tract of land is to be held and owned by my said son, Percy Barrett Perry, during his natural life . . ." grants a life estate with no power to sell for his life, is untenable. The words "to be held and owned" are synonymous with the clause "to have and to hold" common in conveyancing, — that is, the habendum
which defines the extent of the ownership in the thing conveyed to be held and enjoyed by the grantee. The word "hold," as here used and as defined in Black's Law Dictionary, 3rd Edition, means "to possess in virtue of a lawful title, as in the expression, common in grants, `to have and to hold.'" And the word "own" as here used and as defined by the same author, means to "have a good title; to hold as property; to have a legal or rightful title to; to have; to possess." Thus the clause "to be held and owned" as used in the Miley Perry will merely defines the extent of the ownership in the land devised to be held and enjoyed by devisee, Percy Barrett Perry. It is not a restraint upon alienation of the life estate.
Thus, holding that Percy Barrett Perry acquired, under his father's will, an alienable life estate, the challenge to the sufficiency of his deed to convey to his then wife, the plaintiff, his life estate, must fail as a matter of law. Walker v. Long, 109 N.C. 510, 14 S.E. 299; Fort v.Allen, 110 N.C. 183, 14 S.E. 685; Sydnor v. Boyd, 119 N.C. 481,26 S.E. 92; McLamb v. McPhail, 126 N.C. 218, 35 S.E. 426. *Page 20 
In the Sydnor case, supra, it is stated that while at common law the husband and wife, being deemed one person, were incapable of contracting with each other, and it was necessary to convey to a third person, as a conduit, in order to pass the title to property from one to the other, the wife is now allowed to acquire title to property conveyed to her by the husband. And in the McLamb case, supra, Clark, J., stated that "Now, by virtue of the constitutional provision (Art. X, Sec. 6) it is held that a deed from the husband to the wife is valid."
It may be noted that appellants, in their brief under heading "The petitioner received no vested conveyable interest in the land by said purported deed," say that "the grantor and the grantee (the petitioner) in this instrument were husband and wife at the time the instrument was executed, having taken the lands as tenants by the entirety under a conveyance from L. S. Brassfield, Commissioner." However, as the record on this appeal does not show that the trial judge made any finding of fact as to the authority of the commissioner to make the conveyance or as to what estate it purports to convey, or that he made nay conclusion of law in respect thereto, and the appellants not having offered any evidence in respect to it, nor taken exception to the failure of the trial judge to find the facts and state his conclusions of law on facts found, the question as to the legal effect of this conveyance is not presented on this record for decision.
Hence, on the questions presented, the judgment below is
Affirmed.