At this term it was argued by Mr. Hamilton that the Legislature of North Carolina had no power to pass any law having a retrospective view. The Bill of Rights, which is a part of our Constitution, section 24, expressly negatives the power of passing ex post facto laws. The act in question not only forbids the making estates tail after the passing the act, but also attempts to bar and do away all such entails in remainder as existed and had been legally created before the passing of it. Article 43 of the Constitution enables the future Legislature to regulate entails in such manner as to prevent perpetuities. It gives them no power to destroy rights that had been acquired legally by means of entails prior to that time. It was not only against reason to give retrospective operation to acts of the Legislature, but the common law is expressly (278) against it. 19 Vin. Ab.; 4 Ba. Ab., 637; 2 Mo., 310; 2 Show., 17; L. Ray. 1352; 5 Bac. Ab., 407; 4 Burr., 2161; 19 Vin., 544; 10 Rep., 55; Standon v. Morgan, in Plow. Com.; 1 Salk., 198.
And a few days afterwards gave judgment for the defendant.
Cited: Holliday v. McMillan, 79 N.C. 325; Springs v. Scott, 132 N.C. 560;Anderson v. Wilkins, 142 N.C. 158; Richardson v. Richardson, 150 N.C. 552.