PeaRSON, J.
 

 It is too clear for argument that the will does not give the widow a life estate, in that part of the original tract, which is claimed by the defendant. The testator had sold this part to his son Hiram, who was living on it, and cultivating up to the cross fence, which was the dividing line, while the testator lived upon and cultivated the other part. The words “ I allow the plantation where I now live on, and all my household furniture, &c., for the use and benefit of my wife, during her life,” embrace only the latter’ part. Resides, it is hot reasonable to suppose that the testator could have intended to encumber with a life estate, the part which he
 
 *396
 
 bad' sold to bis son, and for which be bad executed a bond to make title.
 

 The remaining question is as to the effect, of the sheriff’s deed to the defendant, and his possession under it. Upon the death of tlfe testator, the legal title to the land in controversy, not being disposed of by the will, descended to bis three children as his heirs at law. ITiram, under his contract of purchase, had not such an equitable estate, or trust, as was liable to be sold under execution, by force of the Act of 1812; so the defendant, by the sheriff’s deed, acquired only the legal estate which had vested in Hiram as one of the heirs at law.
 

 If the effect of this deed was to vest Hiram’s legal estate in the defendant, as a tenant in common with the other two heirs, then the defendant’s possession was not adverse; and although he had the sole possession for more than seven years, the estate of his co-tenants was not divested, and he did not acquire a title to the whole in severalty. In this view of the case, the plaintiff cannot maintain his action, for one tenant in common cannot sue his fellow, unless there is an
 
 actual
 
 ouster, either proven or admitted by the pleading*. The record sets forth that the defendant pleaded
 
 not guilty;
 
 his entering into the common rule is not set out, and we are not at liberty to assume that he admitted an “actual ouster.”
 

 If the effect of the sheriff’s deed, and the defendant’s sole possession under it, was to divest the estate of the other two heirs, and amounted to an"actual ouster, then the defendant’s possession was adverse, and being continued for more than seven years, ripened his title to the whole in severalty. In this view of the case, the plaintiff cannot maintain his action, unless he can bring his case within the saving of the'Statute of limitations, by reason of the
 
 covert/ure of
 
 the
 
 feme
 
 lésso'r.
 

 In
 
 Williams
 
 v.
 
 Lanier,
 
 Busb. 30, the rule is said to be, “where the wife must be joined, the Statute does not bar: where the husband must sue alone, or may, at his election, join the wife, the Statute does bar.” It is also said in that case, where the eviction is
 
 before the coverture,
 
 the wife must be joined: when the eviction is
 
 dmrmg the coverture
 
 (as in .our
 
 *397
 
 case) the husband may sue alone or may, at his election, join the wife,”
 

 This seems to be conclusive: the husband cannot prevent his right of entry from being
 
 tolled
 
 by joining his wife, and she, or her heirs, have seven years, after his death, in which to sue.
 

 A husband, without joining his wife, can make a lease for years. Bac. Abridgt. “ Leases and terms for years”: consequently he may bring ejectment without joining the wife. “ It is considered as settled, that although the husband may join the wife, yet it is not necessary that the husband and wife should join in a lease to try the title to her estate : he alone may make a lease for that purpose.” Bac. Abr.
 
 “
 
 Ejectment.” Several cases are there cited in which the husband has maintained ejectment on his own demise. The Statute 32 Hen. 8,
 
 enables
 
 husband and wife to make a lease which is binding on her after coverture, but this in no wise affects his right at common law to make a lease alone which is valid during the coverture. In
 
 Williams
 
 v.
 
 Lanier,
 
 this doctrine is fully discussed and it is unnecessary to repeat it. In that case there was issue born, and the
 
 decision
 
 in respect to the action in the nature of
 
 Waste
 
 is confined to the facts there presented; but the general remarks and reasoning of the Court, in respect to the Statute of limitations, is equally applicable to a case where there is no issue; for although the birth, of issue is required to make the husband “ tenant by the curtesy initiate ” and may be necessary to give him a seizin or free-hold in severalty, or in his own right, yet it has no bearing on his right to the sole possession, by force of which he sues alone in trespass
 
 qucure clausum fregit
 
 for an injury to his crop, or may make a lease for years, and of course may bring ejectment to recover possession if he is evicted.
 

 Taking our case in either point of view, the plaintiff cannot maintain his .action, and the judgment in his favor must be reversed; and upon the questions reserved, the verdict, being rendered subject thereto, must be set aside and a non-suit entered.
 

 
 *398
 
 Upon the argument our attention was called to
 
 Burton
 
 v.
 
 Murphy,
 
 N. C. Term Rep. 259, where it is held that one who holds sole possession under a deed from one tenant in common for the whole tract has an adverse possession, which in seven years will ripen his title as to the whole. And our attention was also called to
 
 Cloud
 
 v.
 
 Webb,
 
 3 Dev. 318; and'particularly to the very full and learned argument of
 
 Mr.
 
 Winston,
 
 (P. II.
 
 Sr.,) who controverts the decision in
 
 Burton
 
 v.
 
 Murphy.
 
 As in either point of view, the case under consideration is against the plaintiff, we are not at liberty now to decide what is the effect of a conveyance of the whole by one tenant in common, and a sole possession for seven years by the purchaser.
 

 Per CuriaM. Judgment reversed.