Pearson, C. J.
 

 William Munday died in 1833; one of his sons entered and continued in possession until 1835 ; since that time, the defendant, and those under whom he claims, have been in the adverse possession under color of title.
 

 James Childers, and his wife, Margaret, who is the daughter of William Munday, were married and had children at the time of his death. It is clear that Childers became entitled to an estate as tenant by the curtesy
 
 initiate,
 
 at the death of William Munday, the ancestor of his wife. The descent cast, and the title derived from her ancestor, gave his wife the actual seizin, and not amere constructive possession, according to the established doctrine of our courts; but, in addition to this, one of the lieirs-at-law entered and held possession for two years after the death of their ancestor, and it is settled that the possession of one tenant in common is the possession of all, in respect to third persons. So, James Childers acquired an estate as tenant by the curtesy initiate, in 1833, and being afterwards evicted in 1835, a right of actiort then accrued
 
 *299
 
 to him, which was barred by the subsequent adverse possession of the defendant, according to the distinction between an eviction
 
 Toefore
 
 coverture, where the right of action is that of the wife, and an eviction
 
 after
 
 coverture, where the right of action is that of the husband, and he is not allowed, by joining his wife, to protect himself from the operation of the statute of limitations;
 
 Williams
 
 v.
 
 Lanier,
 
 Busb. Rep. 30. It follows that the plaintiff was not entitled to recover on the count, laying the demise in the names of Childers and wife.
 

 The same reasoning and authority shows that upon the deatli of William Munday, Jolly, who had married one of his daughters, and had children by her, who are the lessors of the plaintiff in the other count, became tenant by the curtesy initiate, and upon her death, in 1841, became tenant by the curtesy, and his estate did not determine until his death, in May, 1853, at which time the right of entry of her children, the lessors of the plaintiff,
 
 first
 
 accrued, and the statute of limitations did not begin to run, as against them, until that date, and the action, having been commenced in March, 1860, is within time. It follows, that the plaintiff is entitled to recover on the count laying the demise in their names.
 

 An objection was made in this Court, that as the verdict is general, finding the defendant guilty on both counts, and the plaintiff was not entitled to recover on one of the counts, the judgment ought to be arrested. It is true, where a declaration,contains several counts, one of which is defective, and there is a general verdict for the plaintiff, the judgment must be arrested, although all the other counts be good; whereas, if one count in an indictment be good and there is a general verdict, judgment will not be ari’ested, although all of the other counts ax’e bad. The reason of this difference is, that in an indictment the jxuy merely finds the issue, and tlxe punishment is fixed by the court, and in so doing, the court is presumed to reject the bad coxxnts and regulate the senteixce in reference to the good coxxnt alone; but, in a civil suit, the jux-y not only finds the issue, but assesses the danxages, and, in doing so, the defective counts are considered, and influence the verdict as
 
 *300
 
 much as the good. This principle has no bearing on the present case, for both counts are good, and the damages are nominal, so that the judgment and the amount recovered are exactly the same as the plaintiff would have been entitled to had there been but one count, and the verdict in respect to the other, may be treated as surplusage.
 

 The conclusion of the Court in
 
 State
 
 v.
 
 Williams, 9
 
 Ired. Rep. 151, is strictly applicable; “It was manifestly of no •consequence, whether the conviction was upon any one or all of the counts, since the offences were of the same grade and the punishment the same.” Hese, the damages are the same, and the judgment is the same, and it is manifestly of no consequence whether the verdict was upon one or both counts.— 'There is no error.
 

 Per Curiam,
 

 Judgment-affirmed.