J. E. OSBORNE and wife v. WILLIAM MULL and wife.

*Partition—Marriage prior to act of* 1848*—Right of husband to convey without joinder of wife—Tenant by Courtesy—Estoppel—Tenants in remainder cannot compel partition.*

1. The *feme* plaintiff and her husband made a verbal agreement with the *feme* defendant and her husband to divide the land acquired through the *femes covert*, and the same was accordingly done and mutual deeds executed conveying the share allotted to each, but without the privy examination of their wives. The marriages took place prior to the act of 1848, (THE CODE, § 1840) and there were children born alive; *Held,*

OSBORNE *v.* MULL.

(1) The husbands are tenants by the courtesy initiate, and have the right to convey their interest without the signature and privy examination of their wives.

(2) It was competent to make the division in such case, and it must stand at least until one of the husbands shall die, and each is estopped by his deed to deny the title of the other in the part so conveyed.

2. Partition can be made only by tenants in common who are seized of the freehold, and not by those in remainder or reversion. *Wood* v. *Sugg*, *ante*, 93.

(*Fagan* v. *Walker*, 5 Ired., 634; *Wilson* v. *Arentz*, 70 N. C., 670; *Lyon* v. *Akin*, 78 N. C., 258; *Williams* v. *Lanier*, Busb., 30; *Hassell* v. *Mizell*, 6 Ired. Eq., 392; *Maxwell* v. *Maxwell*, 8 Ired. Eq., 25, cited and approved.)

PETITION for partition, heard on appeal at Fall Term, 1883, of CLEVELAND Superior Court, before *Gilmer, J.*

The plaintiffs brought this proceeding to compel partition of the land described in the petition. It is alleged in the petition that the *feme* plaintiff and the *feme* defendant are seized in fee as tenants in common of the land. This the defendants deny in their answer, and aver that partition of said land has been made by mutual consent.

The facts agreed upon and submitted to the court below are, in several respects, very indefinitely stated in the record. It appears, however, with tolerable certainty, that the *feme* plaintiff intermarried with her co-plaintiff shortly before she was twenty-one years of age, and before the year 1844, and had issue of the marriage born alive, and that she was seized in fee as tenant in common with the *feme* defendant, (her sister) of the lands specified in the petition, at the time of and since her marriage.

The *feme* defendant likewise intermarried with her co-defendant some time before she became twenty-one years of age, and before the year 1844, and had issue of the marriage born alive, and she was seized in fee, as tenant in

common with the *feme* plaintiff, (her sister) of the same lands at the time and since her marriage.

Soon after the marriage of the plaintiffs they settled themselves upon the southern part of said land, and continued to live thereon until the spring of 1858, and the defendants, soon after their marriage, settled themselves upon the northern part thereof, and continued to live thereon until the spring of 1858.

On the 28th of March, 1858, the plaintiffs and defendants made a verbal agreement to divide the land, and commissioners and a surveyor for that purprse were selected by their mutual and common consent, and they made division thereof by metes and bounds, assigning to the plaintiffs the southern part, and to the defendants the northern part thereof; and the plaintiffs, on the 8th day of April, 1858, executed to the defendants a deed, conveying in form the fee, their interest in the part of the land so allotted to the defendants; and the defendants, on their part, executed a like deed, conveying in form the fee to the plaintiffs, their interest in the land so set apart to them.

The parties respectively made considerable improvements upon the land so divided, and acquiesced in such division until the institution of this proceeding.

Both the *femes covert* signed the deeds respectively as mentioned above, but neither of them was ever privily examined touching the execution of the same by her.

The clerk of the superior court, upon the hearing of the matter before him, awarded an order of partition, and from this judgment the defendants appealed to the superior court in term ; in that court, the order of the clerk was affirmed, and the case remanded, and from this order the defendants appealed to this court.

*Messrs. Gidney & Webb,* and *Cabiness* and *Hoke & Hoke,* for plaintiffs.

No counsel for defendants.

MERRIMON, J., after stating the above.   It will be observed that the marriage of the plaintiffs and that of the defendants took place before the statute of 1848 (THE CODE, § 1840), and it does not therefore affect any right of the husband of the *feme* plaintiff or that of the husband of the *feme* defendant, in respect to any interest each may have in the real estate of his wife by virtue of the marriage.   That statute, by its terms and effect, applies only to marriages that have occurred since the third Monday of November, 1848.

As the plaintiffs intermarried prior to the year 1848, and there were children of the marriage born alive, and the *feme* plaintiff was seized during the marriage of the land described in the petition, the husband, the male plaintiff, became tenant by the courtesy *initiate*.   He had a life estate in the lands, in his own right, that might be sold under execution, or he might sell and convey by deed of bargain and sale.

The same may be said as to the defendants, and the right of the male defendant.   He also was tenant by the courtesy *initiate*, and had power to sell and convey his life estate in the land just as he might convey the title to any land he might acquire by purchase.   *Fagan* v. *Walker*, 5 Ired., 634 ; *Wilson* v. *Arentz*, 70 N. C., 670 ; *Lyon* v. *Akin*, 78 N. C., 258 ; *Williams* v. *Lanier*, Busb., 30.

Granting that the deeds signed by the *feme* plaintiff and the *feme* defendant respectively, on the 8th day of April, 1858, in pursuance of a verbal agreement to divide the land, was void, because they were not privily examined, nevertheless, as the husbands, each had a life estate in the land, it was competent for them to make the division that was made, to last, at least, until one of them should die; and the deed each of them executed to the other operated to pass his title as it purported to do.

The division of the land as to them was binding, and

each is estopped by his deed to deny the division made by them and the right of the other in respect thereto.

The *feme* plaintiff and the *feme* defendant are not entitled to have partition of the land pending the life estate of their respective husbands. Partition can only be made by tenants in common who are seized of the freehold, and not by those who have the remainder or reversion. Ordinarily, partition lies only in favor of one who has a seizin and right of immediate possession. *Hassell* v. *Mizell*, 6 Ired. Eq., 392; *Maxwell* v. *Maxwell*, 8 Ired. Eq., 25; *Wood* v. *Sugg, ante*, 93; 1 Wash. Real. Pr., 583.

There is error. The superior court in term ought to have disaffirmed the judgment of the clerk of that court awarding the order of partition, and directed the proceeding to be dismissed. The judgment of the superior court must be set aside and judgment entered there, setting aside the judgment of the clerk of that court and directing the clerk to dismiss the proceeding.

To that end, let this opinion be certified to the superior court. It is so ordered.

Error.                                        Reversed.