THOMAS C. TIDDY v. G. C. GRAVES.

(Decided May 22, 1900.)

*Greensboro—Tax Sales, City Taxes, State and County—
Curtesy—Constitution, Art. X, Section 6—Devise by
Wife—Erroneous Admission of Point of Law.*

1. Where a *feme covert* dies intestate her husband is entitled to his common law right of curtesy; where she devises her land, under sec. 6, Art. X, of the Constitution, the estate of curtesy is destroyed.

2. Where a husband qualifies as executor of his wife's will he can not claim a life estate as against her devisee.

3. Such devisee is not the owner of a reversion, but became the owner in fee of the present and all other interests in said land.

4. The plaintiff, being such devisee was only entitled to twelve months, and not two years, in which to redeem said land sold for taxes.

5. Where the answer erroneously admitted that the husband was entitled to an estate by curtesy, and that the devisee was remainderman, such admission may be controverted.

CIVIL ACTION for possession of city lot in Greensboro, tried before *Brown, J.,* at August Term, 1899, of GUILFORD Superior Court.

The plaintiff claimed as devisee under the will of his mother, Annie G. Reed, wife of J. W. Reed. The defendant claimed under tax titles from sheriff of Guilford and tax collector of Greensboro. The facts were, by consent, found by his Honor, who rendered judgment in favor of plaintiff. Defendant excepted and appealed. The opinion states the case.

*Messrs. L. M. Scott,* and *A. M. Scales,* for appellant.
*Messrs. Osborne, Maxwell & Keerans,* for appellee.

CLARK, J. The plaintiff alleges that he is the owner in fee of the premises by virtue of his mother's will, by which it is devised to him in fee simple. She died in 1890. On May 6, 1895, the property was sold for non-payment of taxes, both by the city under the provisions of its charter, and by the sheriff, under the general statute, and purchased by the defendant at both sales. Over a year thereafter, no one having come forward to redeem the premises, deeds therefor were made to the defendant both by the sheriff and by the city. There is no impeachment of the regularity of these proceedings. The plaintiff made no offer to redeem till the 29th of April, 1897.

The plaintiff contends, however, that his step-father (Reed), who was in possession, was entitled to a life tenancy in the premises as tenant by the curtesy, and therefore that he (the plaintiff) had two years in which to redeem instead of one, and therefore was in time, and that the defendant is estopped by an admission in the answer to deny that the step-father was tenant by the curtesy. To this, it is sufficient to say:

1. The two years given one who is remainderman after a life estate in which to redeem, applies only to sales for non-payment of State and county taxes, and therefore, if the contention that the step-father was tenant by the curtesy were valid, the defendant's title under the deed from the city is unimpeachable.

2. It is clear that under the present Constitution there is no curtesy after the death of the wife in property which she has devised. In *Walker v. Long,* 109 N. C., 510, MERRI-MON, C. J., in a well-considered opinion, says: "But that Constitution (1868, Art. X, sec. 6) has wrought very material and far-reaching changes as to the rights respectively of husband and wife, in respect to her property, both real and personal, and enlarged her personality and her power in respect to and control over her property. It provides that 'the real and personal property of any female in this State acquired before marriage, and all property real and personal to which she may after marriage become in any manner entitled, *shall be and remain the sole and separate estate and property of such female,* and shall not be liable for any debts, liabilities or engagements of her husband, and *may be devised and bequeathed,* and with the written assent of her husband conveyed *by her as if she were unmarried.'* This provision is very broad, comprehensive and thorough in its terms, meaning and purpose, and *plainly gives and secures to the wife the complete ownership and control of her property as if she were unmarried, except in the single instance of conveying it.* She must *convey* with the assent of the husband. It clearly excludes the ownership of the husband as such, and sweeps away the common law right or estate he might at one time have had as tenant by the curtesy initiate. The strong, exclusive language of the clause above recited is that the property *'shall be and remain* the sole and separate

estate and property of such female,' * * * and the husband shall be, not tenant by the curtesy initiate, but tenant by the curtesy *after the death* of his wife, *in case she die intestate.*" This is necessarily so, as the separate estate *remains* the wife's during coverture with unrestricted power to devise and bequeath it. With this explicit provision in the Constitution, no statute and no decision could restrict the wife's power to devise and bequeath her property as fully and completely as if she had *remained unmarried.*

The plaintiff insists that curtesy in the husband of the whole of the wife's realty is the correlative of dower in the wife of one-third of the husband's realty, and if the Legislature can confer dower it can retain curtesy. That is true, when the *feme covert* dies intestate, as is pointed out in *Walker v. Long, supra,* but the Constitution having guaranteed that a married woman *shall be and remain* sole owner of her property with unrestricted power to devise it, the Legislature can not restrict it. Blackstone justly says that no one has the natural right to dispose of any property after death. The power to do so is conferred by law, and varies in different countries. In England it did not exist after the Conquest, till the Statute of Wills, 32 Henry VIII. Of course, as the Legislature confers the right to devise, in the absence of constitutional inhibition it can repeal or restrict the power of devise, and, till the Constitution of 1868, which gave a married woman the unrestricted power to devise and bequeath her property, as if unmarried, the limitation of such power could be made by legislation allowing curtesv as well as dower. If the Constitution had gone further and provided that the property rights of a married man should remain as if he were single, and expressly conferred the unrestricted right to devise his realty, then, certainly, when he had devised it in fee there could be no right of dower. The Legislature could

only prescribe for dower in realty not devised, as it can now only confer curtesy in realty not devised.

The learned counsel for the plaintiff, however, relies strenuously upon the following admission in the answer: Paragraph 3, of the complaint, alleges: "J. W. Reed, the husband of the said Annie G. Reed, at her death became entitled to an estate by the curtesy in the said land, and he is still surviving," and paragraph 3, of the answer, says: "Paragraph 3 (of the complaint) is admitted." This is an admission of the allegation of fact therein contained, to-wit, that Reed was still surviving, but the allegation therein that the husband of the testatrix "at her death became entitled to an estate by the curtesy in the said land," which the wife had devised to the plaintiff, was a matter of law, and that the Court must decide upon the words of the Constitution which guarantee to the wife the unrestricted power to devise and bequeath her property, which is to *be and remain* her's as if she were unmarried. No admission in the answer, intentional or inadvertent, could change the law arising upon a given state of facts. Here, that state of facts is set out in the clause of the will (appended to the complaint) which devises the realty in controversy to the plaintiff in fee, as indeed he alleges in the complaint. Besides, Reed having qualified as executor to the will can not claim a life estate in this land contrary to the will, and the plaintiff can not do it for him. *Allen v. Allen,* 121 N. C., 328.

His Honor below held correctly: "1. That under sec. 6, Art. X, of the Constitution, the estate by curtesy is destroyed where the *feme covert* dies testate, and devises the property, as in this case. 2. That the husband, J. W. Reed, having duly qualified as executor to said will and can not claim a life estate as against the plaintiff, a devisee of this lot. 3. That the plaintiff is not the owner of a reversion, but became

the owner in fee of the present and all other interest in said lot by said will, and that the plaintiff was therefore only entitled to twelve months, and not two years, within which to redeem."

But he erred in holding that, notwithstanding the above is the law, the defendant has admitted the contrary by his answer, and "can not controvert that admission." Suppose, instead of the admission, there had been a denial, and an issue had been submitted to the jury who had found thereon that Reed was "entitled to an estate by the curtesy" notwithstanding the will, would not such finding have been held immaterial, and judgment entered *non obstante veredicto?* Certainly, the admission in the answer (if, indeed, it were intended to admit anything beyond the allegation of fact in clause 3, that Reed still survived), could have not greater effect than the finding of a jury.

Upon the findings of fact, judgment should be entered for the defendant.

Reversed.