## TIDDY v. GRAVES.

(December 22, 1900.)

1. *Pleading—Complaint —Answer —Admission —Constitution, Art. X, Sec. 6.*

Where a complaint alleges that the husband was entitled to an estate by the curtesy in the lands of his deceased wife, and it appears that she died intestate, and it does not appear that the marriage was contracted since 1868, and where the answer admits the estate by curtesy, it is an admission of fact.

2. *Tax Titles—Redemption—Remainderman—Life Tenant —Municipal Taxes—Acts 1895; Chap. 119, Sec. 99— The Code, Sec. 3699.*

A remainderman has two years in which to redeem from a tax sale, and this applies to taxes of the city of Greensboro.

CLARK, J., dissenting.

CIVIL ACTION by T. C. Tiddy against G. C. Graves. A judgment was rendered in favor of plaintiff and reversed in Supreme Court (126 N. C., 620). Petition to rehear. Petition granted.

*Osborne, Maxwell & Keerans,* for the petitioner.
*L. M. Scott,* and *A. M. Scales,* in opposition.

MONTGOMERY, J. A petition to rehear this case was granted, and the matter is before us again for consideration. The action was brought by the plaintiff to recover of the defendant a house and lot in the town of Greensboro. The property was devised by Mrs. Annie G. Reed, who was the wife of J. W. Reed, to her son by a former marriage, Thomas C. Tiddy. There was no devise or bequest to the husband,

J. W. Reed, who was named executor in the will. After the death of the testatrix, Reed, the executor, had the will probated, and qualified as executor. He remained in possession of the property for some years, and listed it for taxation in 1892, in 1893, and 1894, as his property. He failed to pay the taxes to the State and county and city of Greensboro, for those years, and a sale was made for that failure to pay taxes by the sheriff of Guilford County and by the tax collector of Greensboro, and, no redemption having been made, deeds were executed by those officers, respectively, to the purchaser, George C. Graves, a brother of the testatrix, nominated to be her executor, together with her husband, in her will. The property is worth $2,000. The plaintiff, before two years had expired from the day of the sale, tendered the purchaser the amount of taxes and costs and penalties in redemption of the property, which was declined. The plaintiff bases his right to redeem, mainly on an admission made by the defendant in his answer. The third allegation of the complaint was "that J. W. Reed, the husband of said Annie G. Reed, at her death became entitled to an estate by the curtesy in said land, and he is still surviving." In answer to that allegation, there is an unqualified admission of its truth in the answer. In the trial below it was held by the Court that the defendant could not controvert that admission, although it was further held that "under sec. 6, Art. X, of the Constitution, the estate by curtesy is destroyed where the *feme covert* dies testate and devises the property, as in this case," and although "the husband, J. W. Reed, duly qualified as executor to said will, he can not claim a life estate as against the plaintiff, a devisee of this lot." It is necessary for us to discuss here only the first proposition. The Court, when the case was before us at the last term, in its opinion decided that the admission of the defendant was the admission of a

pure matter of law, and therefore not binding on the defendant, and, of course, not binding on the Court. We were treating the case as if it appeared from the pleadings that the marriage of Reed and the testatrix took place after the adoption of the Constitution of 1868. In the petition to rehear our attention was called to the fact that it is nowhere in the case directly stated when the marriage did take place. The complaint simply alleged the issuable fact that J. W. Reed, the husband of Annie G. Reed, at her death became entitled to an estate by the curtesy in her land. The probative evidentiary facts need not have been pleaded, and the defendant in his answer did not name the date of the marriage, nor did he prove it on the trial. It is true that the testatrix in her will named her husband to be guardian of her son, Thomas, and that might be a presumption that he was an infant—but it would be only a presumption—and that, therefore, the marriage occurred after 1868, the will having been written in 1890. The admission in the answer overcame the presumption, because, so far as the record discloses, the son, Thomas, might have needed a protector and friend, which the testatrix called guardian, even though he was more than 21 years of age. If there had been anything in the case going to show clearly, notwithstanding the admission of the defendant in the answer, that the marriage occurred after 1868, then the admission would have been an admission of law which this Court would not have respected, for the law would have been clearly the other way. For the reason pointed out, we now think that the admission of the defendant that Reed was entitled to an estate as tenant by the curtesy in the property was an admission of fact, and that his Honor below was correct in holding that the defendant was bound by it. We agree with his Honor below, too, that the plaintiff had the right to redeem the property from the sale by the city of

TIDDY v. GRAVES.

Greensboro. The defendant's contention was that under the charter of the city of Greensboro, there was no provision allowing a remainderman, or anyone else, to redeem land sold for city taxes after one year from the date of sale. We are of the opinion that sec. 99, of chap. 119, of the Laws of 1895, applies to land sold for city taxes as well as for State and county taxes. There is certainly no inconsistency between the Act of Assembly and the charter of Greensboro. And we are confirmed in this view when it is seen that sec. 3699 of The Code (Laws 1879, chap. 71, sec. 54), is in exactly the same words as sec. 99 of the Acts of 1895. The retention of that section of the Act of 1879 in The Code seems to make it of general application.

Petition allowed, and judgment affirmed.

CLARK, J. (dissenting). It was held below that by virtue of the Constitution (Art. X, sec. 6), "the husband has no estate by the curtesy when the wife dies testate, and devises the property, as in this case." The defendant did not except, of course, to that ruling, and, as the plaintiff did not appeal, it could not be reviewed now. Indeed, both in the former opinion of the Court and on this rehearing it is held to be the settled law. *Walker v. Long,* 109 N. C., 510. The plaintiff's case for a rehearing rests upon the third allegation of the complaint: "That J. W. Reed, the husband of said Annie G. Reed, at her death became entitled to an estate by the curtesy in said land, and, he is still surviving." The answer admitted that allegation to be true. In the opinion in this case at last term (126 N. C., 620), it was held that this was an admission of the fact therein stated of the survivorship of the husband, but that the other averment that the husband, at the wife's death, "became entitled to an estate by the curtesy in said land," was an averment of a legal

proposition, and could not be established by an admission; nor would the defendant be estopped if it had been intended to admit the law to be as averred. The rehearing seeks to establish that this allegation of the husband being "entitled to an estate by the curtesy" was an allegation of fact. The plaintiff, in his complaint, avers that his mother devised the property to him in fee, and he sets out as his muniment of title, his mother's will as an appendix to the complaint. From that, it appears that in the will, dated April 13, 1890, she appoints her husband, J. W. Reed, guardian of her son, Thomas C. Tiddy. The statute only authorizes the appointment of a testamentary guardian for infants. Thomas C. Tiddy, if an infant at the date of the will, April 13, 1890, could not have been born earlier than April 14, 1869, and by no possibility could her last husband, J. W. Reed, have been married to her at the adoption of the Constitution in April, 1868. Upon the plaintiff's own pleadings his allegation that J. W. Reed was tenant by the curtesy, the will being set out, is palpably an averment of a legal proposition, and contrary to his averment of fact that the will, in its terms, gave himself the property in fee. Being erroneous, no admission of the answer (if intended to admit the legal proposition in that paragraph, which is improbable) can make it correct, or be binding upon the defendant or the Court. The will, which is a part of the complaint, expressly devises this realty in fee to plaintiff. As the complaint avers that Reed qualified as executor, it appears upon the pleadings that, even if the marriage was prior to 1868, he could not be tenant by the curtesy. *Allen v. Allen,* 121 N. C., 328. This was so held by the Judge below, and plaintiff did not except.

The judgments of this Court are not judgments *nisi.* They are rendered after argument and careful deliberation. They

are, as has been said by this Court, precedents, and to be overruled on rehearing, like other precedents, only upon error being clearly shown. The judgments of the courts below are deemed correct until error shown. *A fortiori,* that rule applies to our own decisions, rendered by five judges, instead of one. If there is any doubt that we correctly held at last term that upon the pleadings the Constitution of 1868 applied to this marriage, the burden is upon the plaintiff,. seeking a rehearing, to show that upon inspection of the transcript of the record the marriage was prior to April 24, 1868. He has shown nothing of the kind. His only argument is that it is doubtful. It is not doubtful; but, if it were, the rehearing should be denied, for the burden is on him 'to show that the former holding that this case is governed by the Constitution of 1868 was erroneous. It may seem a hardship that the plaintiff should lose his land for non-payment of the taxes, because, perhaps, he erroneously thought that his stepfather had a life interest in it, and ought to pay the taxes. But, as Chief Justice PEARSON has well said: "Hard cases are the quicksands of the law." If the courts can be tempted to abrogate the law whenever the judges in any given case think it would bear harshly, then the law would be swallowed up, and the courts would become mere boards of arbitration, which are a "law unto themselves." The law-making power, in view of the increase of taxation, and the growing number of deserters from the duty of paying taxes, which throw upon better men the weight of paying defaulters' taxes as well as their own, adopted, in 1887, the report of a commission to change our tax laws. Till that time no tax title had ever been sustained in this Court, with the result that the payment of taxes became a purely voluntary matter, to the great injury of honest taxpayers. The object of the law is that, if taxes are not paid, the property

upon which they are due shall pass by a valid title to those who will pay the taxes thereon. With the hardship of any particular case we have nothing to do. From the plaintiff's own pleadings it appears that he was an infant at the date of the will, for he does not aver that, notwithstanding the appointment of a guardian for him therein, he was not an infant; and hence his averment that his stepfather was tenant by the curtesy was merely an averment of an erroneous proposition of law. Therefore, it follows that, not having redeemed within the year allowed by law, the defendant acquired a legal title by the purchase at the sale for non-payment of State and county taxes, and should be protected in his legal rights by the courts. Even if it were true that the plaintiff held only a remainder subject to Reed's tenancy by the curtesy, the provisions of the charter of Greensboro do not give plaintiff the additional year which is allowed tenants in remainder under the general law, which, by its terms, applies only to sales for non-payment of State and county taxes, and not to sales for non-payment of city taxes. This was held in the former opinion (126 N. C., at page 622), and no authority is cited to impeach that ruling.