EX PARTE WATTS.

(Filed April 29, 1902.)

1. WILLS—*Alienation—Limitation.*

Where a woman devises a house and lot to her four children as
"a common home, with equal rights to the same until
twenty-one years after the death of herself and husband,
and that "then they and their heirs are to own said house
and lot in fee simple," the restriction is valid and the prop-
erty can not be sold until time limited has expired.

2. CURTESY—*Husband and Wife—Married Woman—Constitution
1868, Art. X, Sec. 6.*

Where a wife dies testate, the husband has no interest in her
real estate.

ACTION by R. H. Watts and others against W. H. Godwin,
heard by Judge *W. S. O'B. Robinson,* at September Term,
1901, of the Superior Court of WAYNE County.

This is a proceeding to compel the purchaser at a sale made
by order of the Court to comply with the terms of his pur-
chase. He declines to do so on the ground that he can not
get a good title.

Fanny Watts, wife of the petitioner R. A. Watts, Sr., and mother of the other petitioners except Jack Hedrick, who joins in behalf of his wife, died, leaving a will, of which the following are parts material to this controversy:

"1. I give and devise to my beloved children, Frank Watts, Eugene Watts, Florine Watts and Sam Watts, the house and lot whereon I now live, to own in the following manner:

"They shall own said house and lot as a common home for themselves, and with equal rights to and in the same, until twenty-one (21) years after the death of both their parents, then said Frank Watts, Eugene Watts, Florine Watts and Sam Watts, and their heirs, shall own the said house and lot fee-simple. The room in the aforesaid house known as the Andrew J. Flanner room I reserve for the use of my son Andrew J. Flanner until twenty-one (21) years after the death of my husband and myself. During such time my son Andrew shall have the personal use only of the said room.

"My will is that in the event that the house and lot should be destroyed by fire, the insurance on same shall be used to build another house on said lot.

"IX. I devise and bequeath that when my $1,000 stock in the Old Dominion Building and Loan Co., of Richmond, Va., is matured or collected, that my executor shall purchase from the proceeds of same a house and lot in the city of Goldsboro, and the rents of same shall be used to pay the insurance and taxes on the dwelling in which I now live until twenty-one (21) years after the death of myself and husband, R. A. Watts, then the said lot and interest so purchased shall go to my daughter Florine and my sons Eugene Watts and Sam Watts, they being my youngest children.

"X. Should my sons Frank, Eugene and Sam at any time marry common women, or either of them marry a common woman, then in such event they shall not have any interest in the house and lot devised in paragraph first of this will."

Among the allegations in the petition are the following:

"5th. That said house and lot is the only property of any description owned by said petitioners, and is now occupied by said petitioners and father, R. A. Watts, Sr., as a home.

"R. A. Watts, Sr., is a man of limited means; that said lot is a very valuable one, and the house thereon a large and expensive one, much too large and expensive lot for the petitioners to occupy solely as a home; that a much smaller and less expensive house would be better suited to their condition and estate; that the interest of said petitioners would be greatly enhanced and subserved by a sale of said lot; that W. H. Godwin has offered to buy said lot at the price of forty-three hundred ($4,300.00) dollars, which is a fair and reasonable price for same; that owing to the character of the property and the number of the owners, it is impracticable to divide said land in specie.

"Wherefore, your petitioners pray that they may be allowed to sell the said lot to W. H. Godwin, at said price, and that a commissioner be appointed to convey the same in fee simple to W. H. Godwin upon payment of said price, that the purchase-price be paid into the office of the Clerk of the Superior Court, to be held for the use of the devisees of said will, on the same terms and with the same limitation as said lot is now held until further orders herein, and your petitioners ever pray that the petitioners be allowed to take their shares in said proceeds in severalty."

In his answer refusing to take the land, Godwin, among other things, alleges:

"III. That he is advised and believes that said deed from E. A. Humphrey, commissioner, would not convey a title in fee to said lot for the following reasons:

"(5) Because it appears by the petition that the petitioners derived their interest in said lot from the first item of the will of Fannie Watts, deceased, and it appears from said item

that said lot was to be kept as a common home until twenty-one (21) years after the death of both their parents, and it not only fails to allege that such time has expired, but it appears from the petition that one of the parents, R. A. Watts, Sr., is now living.

"(6) Because it appears from the petition upon the construction of the will of the said Fannie Watts, that the petitioners have not now a present interest in the said land which is subject to sale.

"Because it appears from the tenth item of the will of Fannie Watts that the interest of Frank, Eugene and Sam is a contingent interest, subject to be defeated.

"(7) Because the petitioner R. A. Watts, Sr., on the 24th day of December, 1897, executed and delivered to A. J. Flanner, executor of Fannie Watts, deceased, a mortgage, whereby he conveyed to said Flanner, executor, all his right, title and interest in the lands described in the petition, to secure the sum of twenty-four hundred ($2,400.00) dollars, therein recited to be due said executor, and said mortgage remains unsatisfied of record and is an incumbrance upon the lands, which mortgage was on said day duly proved and registered in Wayne County, N. C.

"(8) Because, on December 24, 1897, the said R. A. Watts, Sr., executed an assignment of all his property, including his right, title and interest in said land, to M. E. Robinson, for the payment of the creditors of said R. A. Watts, Sr., which is unsatisfied of record, and, the said W. H. Godwin is informed and believes, and so alleges, that the said trust has not been closed, and that the existence of the same is an incumbrance upon the said land, which said deed was on said day duly proved and registered in said county."

It appears that the petitioners Sam Watts and Florine Watts are infants, and it is found that the price offered for the land is its full value. The Court below ordered Godwin

to pay the purchase-price into the office of the Clerk of the Superior Court. From a judgment for the plaintiffs against Godwin, the latter appealed.

*W. C. Munroe,* and *E. A. Humphreys,* for the plaintiffs.
*Allen & Dortch,* for the defendant.

Douglas, J., after stating the facts. We think there was error in the judgment of the Court below. In construing wills, the object is to ascertain the intentions of the testator, and carry them into effect as far as it may lawfully be done. The evident intention of the testator was to provide a common home for her four younger children, two of whom are still infants, for a period limited to twenty-one years after the death of herself and her husband. While in general we do not approve of the needless tying up of land, we can not ignore entirely the *jus disponendi* inseparable from the right of property, nor can we say that the time herein limited is so long as to be contrary to public policy. There may be cases in which conditions may so change as to bring about hardships, which could never have been within the contemplation of the testator, and which might call for judicial intervention; but none such appear to us in the case at bar. The testatrix has been dead but a few years, and apparently nothing has occurred that would have changed her intention, unless it were the attempted mortgaging of the land by her husband, which she may have foreseen. She knew her own family, their wants and dispositions, and may have provided for the future better than may now appear. In any event, she was the owner of the property, and we must give effect to her lawful intent Can there be any doubt as to her intention? She devised the property to the four children, Frank, Eugene, Florine and Sam, to be held in common, until twenty-one years after the death of their surviving parent, and then to

vest in severalty in fee simple. She evidently intended it as a common home, as she reserved the use of one room for her son Andrew J. Flanner. She provided that if the house should be burnt, the insurance money should be used to build another house on the same lot. She also provided a fund for protection of the home by directing the investment for that purpose of certain building and loan stock. What has become of that stock does not appear.

It seems that the petitioner R. A. Watts, Sr., executed a mortgage upon the land in question after the death of his wife. So far as we can see, he had no interest whatever in the land, not even the right of curtesy, as that was destroyed by the will of the wife, the property having been acquired since 1868. *Tiddy v. Graves,* 126 N. C., 620; same case, 127 N. C., 502.

We do not mean to say that the children, or any of them, are required to live in the house. Nor are we passing upon the effect of a joint deed executed by all the children after they become *sui juris.* Such a question is not before us in any shape. In the meantime, we see no reason why the house may not be rented out for the benefit of the children to whom it was devised.

Error.